UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CHRISTOPHER JAMES BOEDER,**

    **Plaintiff,**

v.                                                                                      Case No: 5:21-cv-537-PRL

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

_____

**ORDER**

Plaintiff appeals the administrative decision denying his application for Supplemental Security Income ("SSI"). Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision is **AFFIRMED.**

**I.   BACKGROUND**

For the sake of convenience, the administrative history, which is not in dispute, is copied from the Government's brief:

> Plaintiff protectively filed an application for Supplemental Security Income (SSI) on October 9, 2018, alleging that he became unable to work on October 8, 1997 (Tr. 12, 61, 145-53, 197). On March 31, 2020, the Administrative Law Judge (ALJ) issued a decision denying Plaintiff's application (Tr. 12-22), and the Appeals Council (AC) denied Plaintiff's Request for Review (Tr. 3-8). Plaintiff has exhausted his administrative remedies and has timely filed a civil action in this Court. This case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

(Doc. 22).

At the time of the ALJ's decision, Plaintiff was twenty-two (22) years old. (Tr. 145). Plaintiff has completed high school and lacks past relevant work experience. (Tr. 21, 187).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: autism spectrum disorder (ASD); attention deficit hyperactivity disorder (ADHD), mood disorder, generalized anxiety disorder, and personality disorder (Tr. 15).

The ALJ found that the Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels. The ALJ found that the plaintiff can: perform simple, routine tasks involving simple one or two-step instructions; make simple work-related decisions; interact frequently with supervisors and coworkers; occasionally interact with the public; and have occasional changes in the work setting. (Tr. 16).

Based upon the RFC, and considering the testimony of the vocational expert, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as garbage collector, agricultural produce sorter, and laundry laborer. (Tr. 22). Accordingly, the ALJ determined that Plaintiff is not disabled.

## II.  STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (first citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); then citing *Richardson*, 402 U.S. at 401); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

### III.  DISCUSSION

On appeal, Plaintiff raises a single issue: whether the ALJ applied the correct legal standards to the opinion of Dr. Villar, an evaluating psychologist. Assessing Plaintiff on June 1, 18, and 19, 2018, Dr. Villar opined that due to his neurodevelopmental disorders, Plaintiff should be limited to part-time work and was "unable to maintain long-term full-time employment." (Tr. 303). The ALJ determined that Dr. Villar's opinion was unpersuasive because it was "inconsistent with Dr. Villar's own testing and the vocational evaluation" and

because "treatment notes in the record [show] . . . generally normal exam findings near the period at issue." (Tr. 20).

The parties do not dispute that Plaintiff's claim is subject to a new set of regulations for evaluating medical evidence that differs from the prior regulations. For claims filed on or after March 27, 2017, the Social Security Administration has issued new revised regulations regarding the evaluation of medical evidence, including medical source opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017) (final rules) ("We are revising our rules to ensure that they reflect modern healthcare delivery and are easier to understand and use. We expect that these changes will help us continue to ensure a high level of accuracy in our determinations and decisions."). In this case, Plaintiff filed his application in October 2018, thus the new rules apply to his claim.

The new regulations impact agency policy in several important respects and contain several significant changes to prior medical evidence rules. *See* 81 Fed. Reg. at 62,560. To begin, the revised regulations redefine how evidence is categorized. Under the revised regulations, there are five categories of evidence: (1) objective medical evidence; (2) medical opinions; (3) other medical evidence, (4) evidence from nonmedical sources; and (5) prior administrative medical findings. *See* 20 C.F.R. § 416.913(a) (2017).

Second, the definition of "medical opinion" has been considerably revised. For claims filed by adults on or after March 27, 2017, the regulations provide:

> A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities: . . .
>
> Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling,

> or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);
>
> Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co- workers, or work pressures in a work setting;
>
> Your ability to perform other demands of work, such as seeing, hearing, or using other senses; and
>
> Your ability to adapt to environmental conditions, such as temperature extremes or fumes.

20 C.F.R. § 416.913(a)(2) (2017).

Third, for claims filed on or after March 27, 2017, the regulations change how the agency considers medical opinions and prior administrative medical findings. *See* 20 C.F.R. § 416.920c (2017). Notably, the regulations no longer use the term "treating source," but refer to "your medical source(s)." 20 C.F.R. § 416.920c (2017). The Commissioner intentionally chose not to retain the "treating source rule" that previously required deference to treating source opinion evidence. *See* 82 Fed. Reg. at 5883. Rather, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 416.920c(a) (2017). The ALJ will, instead, consider all medical opinions through the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant including length of the treatment relationship, frequency of examination, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization; and (5) other factors. *Id.* § 416.920c(c)(1)-(5). An ALJ may but is not required to explain how he or she considers factors other than supportability and consistency,

unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. 416.920c(c)(2).

Here, the ALJ found Dr. Villar's opinion that Plaintiff was totally and permanently disabled from gainful employment unpersuasive. (Tr. 20). Dr. Villar assessed Plaintiff three times in a single month. Dr. Villar opined that while "many of [Plaintiff's] abilities were within or above the average range on formal testing, this represents his potential in an artificial environment with structure, breaks, support, and no distractions." (Tr. 302). Dr. Villar went on to conclude that Plaintiff's "day-to-day cognitive, interpersonal, functional, and behavioral difficulties indicate that he is totally and permanently disabled from gainful employment[.]" (Tr. 302). Further, Dr. Villar opined that although Plaintiff

> is intellectually capable, his difficulties with focus, initiative, processing speed, problem-solving, mental flexibility, interpersonal skills, independent functional skills, communication, generalization, and ability to learn from feedback are significant obstacles to fulfilling job requirements. [Plaintiff's] neurodevelopmental disorders create a significant disability that will require intensive mediation for him to function independently and make it so that he is unable to maintain long-term full-time employment.

> Vocational Rehabilitation may be a useful resource for job training, coaching, and placement in settings that may accommodate [Plaintiff's] areas of difficulty for very part-time work. He should seek work with routine, structure, limited time pressure, few decision-making responsibilities, minimal interpersonal demands, and clear, concrete instructions.

(Tr. 303-04).

Here, the Court finds that the ALJ's decision was based on the correct legal standards and is supported by substantial evidence in the record. First, the Commissioner correctly argues that Dr. Villar's findings on Plaintiff's ability to work part-time or full-time fail to constitute a "medical opinion" within the meaning of the regulations. *See Cianfrani v. Comm'r of Soc. Sec.*, No. 2:20-CV-24-FTM-MRM, 2021 WL 973494 (M.D. Fla. Mar. 16, 2021) (citing *Duffy v. Comm'r of Soc. Sec.*, 736 F. App'x 834, 837 (11th Cir. 2018)). Under 20 C.F.R. § 404.1520b(c), an ALJ is unrequired to provide any analysis of his consideration of statements that a claimant was or was "not disabled, blind, able to work, or able to perform regular or continuing work[.]" Thus, the ALJ was unrequired to place any value on Dr. Villar's assertions that Plaintiff was unable to work-full time, or should perform part-time work while "he builds tolerance and endurance." (Tr. 169, 182).

Further, as the Commissioner argues, because Dr. Villar's statements that Plaintiff should only have "very part-time work" and "is unable to maintain long-term full-time employment" fail to constitute medical opinions, remand would be a futile exercise,[1] because the ALJ is unrequired to explain these "neither valuable nor persuasive" statements. *Simpson v. Comm'r of Soc. Sec.*, No. 2:21-CV-89-KCD, 2022 WL 4944469, at *3 (M.D. Fla. Oct. 4,

---

[1] Moreover, some of Dr. Villar's assessment was consistent with Plaintiff's RFC, limiting his interactions with the general public, providing for simple routine tasks with one- or two-step instructions, and making simple work-related decisions. (Tr. 16-17, 21, 303-04).

2022) (finding as statements, not medical opinion that Plaintiff was "unable to hold full time long term, or even part-time employment short" term) (citing 20 C.F.R. §§ 404.1520b(c) & 416.920b(c)).

Second, the ALJ found Dr. Villar's opinion was unpersuasive because it was "inconsistent with Dr. Villar's own testing and the vocational evaluation" and because "treatment notes in the record [showed] . . . generally normal exam findings near the period at issue." (Tr. 20). While the ALJ did not directly use the word "supportability" in the opinion, the ALJ did evaluate and address the substance of Dr. Villar's assessment. Although the regulations require the ALJ to articulate consideration of the supportability and consistency factors when evaluating a medical opinion from a medical source, they do not require the ALJ to use any specific language to articulate consideration of the factors. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). As long as the evaluation addresses the substance of the factors, the ALJ meets the articulation requirement. *Id.*

Here, the ALJ determined that Dr. Villar's opinion that Plaintiff was precluded from all work activity was unsupported by the evidence of record. (Tr. 20). As to supportability, the ALJ determined that "Dr. Villar noted problems with focus, but the [plaintiff] generally did well on testing." (Tr. 20). Plaintiff argues that Dr. Villar's opinion is supportable, because she noted that Plaintiff's "abilities [being] within or above the average range on formal testing, . . . represents his potential in an artificial environment with structure, breaks, support, and no distractions." (Tr. 302). However, this statement is inconsistent with Dr. Villar's testing notes. For example, she states that the testing involved a "less structured reasoning task" and "an alternating attention component[.]" (Tr. 300). Moreover, at some points, Dr. Villar states

that "Plaintiff's problem-solving [is] intact" and omits it from his list of purported difficulties,[2] but later states his "difficult[y] with . . . problem-solving . . . [is a] significant obstacle[] to fulfilling job requirements." (Tr. 302-03).

Next, as to consistency, the ALJ found Dr. Villar's opinion inconsistent with her testing, Patrick Scott and Rebecca Sella's vocational evaluation, and Dr. Adly Thebaud's treatment notes for the period at issue. (Tr. 20). Here, Plaintiff argues that Dr. Villar opinion that Plaintiff was only placeable in "very part-time work" is consistent with Ms. Sella's notes that he "is employable and placeable in part-time work[.]" (Tr. 179, 303-04). However, Dr. Villar's opinion is inconsistent with Ms. Sella's—she states that Plaintiff "is perceived as able to tolerate a full day of work, however, he is *initially* recommended for part-time [sic] work as he builds tolerance and endurance for work." (Tr. 169, 179, 182). Further, unlike Dr. Villar's opinion that Plaintiff's difficulties with interpersonal skills prevent him from fulfilling job requirements, Ms. Sella noted that "[d]uring the community-based [sic] portion of the evaluation, [he] exhibited appropriate skills in performing work." (Tr. 179).

Further, the ALJ noted Dr. Villar's opinion was inconsistent with the notes of his treating psychiatrist, Dr. Thebaud. For example, unlike Dr. Villar's testing notes, Dr. Thebaud's three years of treatment notes document Plaintiff self-reporting an increasing ability to focus and self-motivate with prescription therapy. *Cf.* (Tr. 292) (noting in December of 2015, that Plaintiff "has diff[iculty] concentrating, following through and finding the

---

[2] "His structured reasoning and problem-solving were intact, but he had difficulty with planning, impulse control, mental flexibility, learning from feedback, and unstructured reasoning." (Tr. 302). "Though he is intellectually capable, his difficulties with focus, initiative, processing speed, problem-solving, mental flexibility, interpersonal skills, independent functional skills, communication, generalization, and ability to learn from feedback are significant obstacles to fulfilling job requirements." (Tr. 303).

motivation to do his school work."); *with* (Tr. 295) (noting on April 12, 2018, after years of monthly visits, that Plaintiff was reporting "energy and motivation are [within normal limits], [and] feeling productive and goal directed."). Comparatively, Dr. Villar opined that Plaintiff's "difficulties with focus [and] initiative" were among those creating "significant obstacles to fulfilling job requirements." (Tr. 303). Therefore, the ALJ applied the correct legal standards and made findings supported by substantial evidence in evaluating the "supportability" and "consistency" factors.

Accordingly, the Court is unpersuaded by Plaintiff's argument that the ALJ applied inappropriate legal standards and made findings unsupported by substantial evidence in finding Dr. Villar's opinion that Plaintiff was totally and permanently disabled from gainful employment unpersuasive.

### IV. CONCLUSION

For the reasons stated above, the ALJ'S decision is AFFIRMED under sentence four of 42 U.S.C. § 405(g). The **Clerk is directed** to enter final judgment for the **Commissioner** and **close the file**.

**DONE and ORDERED** in Ocala, Florida on January 20, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties